UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO DARNELL MAYS,

                Plaintiff,

v.                                      Case No. 19-cv-217-pp

BRIAN HAYES, *et al.*,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND SCREENING AND DISMISSING COMPLAINT (DKT. NO. 1)**

      The plaintiff, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. Dkt. No. 1. This order resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee, dkt. no. 2, screens his complaint, dkt. no. 1, and dismisses this case.

**I.    THE PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2)**

      The Prison Litigation Reform Act ("PLRA") applies to this action because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The law allows a court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the civil case filing fee if he meets certain conditions. One of those conditions is that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial

filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On February 27, 2019, the court ordered the plaintiff to pay an initial partial filing fee of $16.50. Dkt. No. 6. The court received that fee on March 11, 2019. The court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee and will allow him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. SCREENING OF THE PLAINTIFF'S COMPLAINT

The PLRA requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that: 1) someone deprived him of a right secured by the Constitution or laws of the United States; and 2) whoever deprived him of that right was acting under color

of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

A. Facts Alleged in the Complaint

The plaintiff is an inmate at the Milwaukee Secure Detention Facility. Dkt. No. 1 at 1. Brian Hayes is an "Administrator" with the Department of Hearing and Appeals; Vince Varone is an Administrative Law Judge; and Tracy Johnson is a "P.O. Agent." Id.

On January 4, 2019, Varone revoked the plaintiff's extended supervision in Case No. 02-CF-271. Dkt. No. 1 at 3. At that time, the plaintiff had completed seven years and one day of the ten-year custodial portion of his sentence. Id. He had three years and four days left until his mandatory release date of January 13, 2022. Id. The plaintiff told Varone and Johnson that "they [could not] take [his] extended supervision street time credit and put it back on [his] prison time because it [would] be subjecting [him] to a life sentence" that the sentencing judge did not impose. Id. The plaintiff alleges that nevertheless, Varone took the plaintiff's extended supervision street time credit and "put it back on [his] confinement prison time." Id. at 2. As for defendant Johnson, the plaintiff alleges only that Johnson violated his rights by "having Vince Varone" take his street time credit and add it back to his confinement time. Id. at 2.

3

The plaintiff appealed Varone's decision to Hayes and Hayes affirmed the decision. Id. at 3. The plaintiff seeks monetary damages and asks the court to "put [his] max- dated back to 1/13/22." Id. at 4.

B.  Legal Analysis of Alleged Facts

The court first notes that this is the second lawsuit the plaintiff has filed alleging the same violations. On January 17, 2019, he filed a complaint against Varone and another defendant, Jessica Przybylski, alleging that they violated his rights by adding his "street time credit" back to his custodial sentence. Mays v. Przybylski, *et al.*, Case No. 19-cv-103. This case, which the plaintiff filed a little over three weeks after he filed the first one, makes the same allegations, but excludes Przybylski as a defendant and adds Hayes and Johnson.

Incarcerating a prisoner beyond the termination of his sentence without penological justification can violate the Eighth Amendment if it is the product of deliberate indifference. Campbell v. Peters, 256 F.3d 695, 700 (7th Cir. 2001) (citing Moore v. Tartler, 986 F.2d 682, 686 (3d Cir. 1993)); see also Werner v. Wall, 836 F.3d 751, 760 (7th Cir. 2016) ("[W]hen confronted with the failure to release a person because of an error in the computation of his sentence, we have relied on the principles of the Eighth Amendment."). To state a claim for an Eighth Amendment violation of this kind, the plaintiff must allege that the defendant prison officials knew that he was being held beyond the termination of his sentence, that the officials failed to act (or took action that was ineffectual under the circumstances) and the officials' conduct caused the

unjustified detention. Moore, 986 F.2d at 686. "An error of state law" does not, on its own, implicate a constitutional violation. Campbell, 256 F.3d at 700; see also Jones v. Skalski, No. 10-CV-766-BBC, 2012 WL 12965697, at *3 (W.D. Wis. Jan. 31, 2012), aff'd, 494 F. App'x 667 (7th Cir. 2012) ("plaintiff cannot prevail unless he shows that defendants detained him in violation of state law *and* the violation was intentional or obvious.").

The court will dismiss this case because the plaintiff has not yet been held past the termination of his sentence (which, according to him, will occur on January 13, 2022). The plaintiff does not have a constitutional right to be released prior to his maximum release date. See Kendrick v. Hamblin, 606 F. App'x 835, 838 (7th Cir. 2015) ("Likewise, because [the plaintiff] was not entitled to release after serving two-thirds of his sentence, he fails to state a claim that, in violation of the Eighth Amendment, he was held beyond his term of incarceration.") The plaintiff's claim for monetary damages under §1983 is not yet ripe.

Nor is a lawsuit under 42 U.S.C. §1983 the right procedure for the plaintiff to use to challenge the duration, or length, of his sentence. "Any challenge to the duration of custody must proceed through a petition for a writ of habeas corpus." Kendrick v. Hamblin, 606 F. App'x 835, 838 (7th Cir. 2015); see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that *habeas corpus* is exclusive federal remedy for person in custody challenging duration of custody when result he seeks is speedier release). The plaintiff's request that the court "put [his] max- dated back to 1/13/22" challenges the duration of his

5

custody. The appropriate way for the plaintiff to resolve this issue when the time comes is through a petition for a writ of *habeas corpus*.

Because the plaintiff's claim is not ripe for decision, and because the proper way for him to raise the claim when the time comes is through a petition for *habeas corpus*, the court will dismiss the case for failure to state a claim upon which relief can be granted.

## III. CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. The court **ORDERS** that the agency having custody of the plaintiff must collect from his institution trust account the **$333.50** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim. The court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 30th day of April, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**